IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO EASTERN DISTRICT

| | | |
|---|---|---|
| **KATHY LAWHEAD** <br> **3878 COUNTY ROAD 58** <br> **MILLERSBURG, OHIO 44654** | : <br> : <br> : | Case No.:_____ |
| Plaintiff, | : | Judge:_____ |
| v. | : | |
| **BROOKWOOD MANAGEMENT COMPANY, LLC** <br> **8230 PITTSBURG AVE NW** <br> **NORTH CANTON, OHIO 44720** | : <br> : <br> : | |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Kathy Lawhead ("Mrs. Lawhead"), by and through the undersigned counsel, and for her Complaint against the Defendant, states and avers the following:

### PARTIES, JURISDICTION, AND VENUE

1. Mrs. Lawhead is an American citizen and is a resident of the city of North Canton, county of Holmes, state of Ohio.

2. Defendant, Brookwood Management Company, LLC ("Brookwood") is a large domestic for-profit corporation with its principal place of business located in Stark County at 8230 Pittsburg Avenue NW, North Canton Ohio 44720.

3. Brookwood owns and/or operates multiple senior living facilities operating under the trade name Danbury Senior Living ("Danbury") throughout the state of Ohio.

4. At all times relevant herein, Mrs. Lawhead was an employee of Brookwood and was acting in the course and scope of her employment.

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2201, and venue is proper under 28 U.S.C. § 1391. The claims arise under Title VII of the Civil Rights Act as codified in 42 U.S.C.S. § 2000e et seq.

## STATEMENT OF FACTS

6. Mrs. Lawhead is a former employee of Brookwood, doing business as Danbury.

7. Mrs. Lawhead began working for Brookwood on or about March 23, 2020 in the position of Regional Director of Clinical Services.

8. Mrs. Lawhead's position of Regional Director of Clinical Services is considered a "corporate position" that does not involve direct patient or resident care.

9. Brookwood had contracted with a third-party entity to provide Covid 19 vaccine injections to ensure all of its residents were fully vaccinated against Covid 19.

10. Mrs. Lawhead was neither required nor requested to provide Covid 19 vaccine injections to Brookwood residents for the primary series of injections.

11. On or about September 22, 2021, the Food and Drug Administration ("FDA") amended the emergency use authorization ("EUA") for the Pfizer-Bio-NTech ("Pfizer") Covid 19 vaccine to allow for use of a single "booster dose" to be administered to certain populations, including individuals sixty-five (65) years of age and older.

12. Upon information and belief, the vast majority of Brookwood's residents were eligible for the booster dose after the FDA amended the EUA.

13. In late September or early October of 2021 Brookwood informed Mrs. Lawhead that she was going to be required to administer the Covid 19 vaccine booster doses to Brookwood residents who had previously received Covid 19 vaccinations and were considered "fully vaccinated".

14. Administering Covid 19 booster injections was outside of and beyond the scope of Mrs. Lawhead's employment and above and beyond her regular job duties.

15. On October 7, 2021, Mrs. Lawhead informed Brookwood that her deeply held religious beliefs would be violated if she personally administered the Covid 19 booster injections to Brookwood's residents.

16. On October 7, 2021, Mrs. Lawhead also informed Brookwood that about her concerns that the long-term efficacy and safety of the Covid 19 booster injections were unknown, at best, and administering them would violate the oath she took upon becoming a nurse, commonly known as the Nightingale Pledge.

17. On October 7, 2021, Mrs. Lawhead suggested that a reasonable accommodation for her religious beliefs would be for her assist with the coordination and/or management of a "clinic" for the administration of Covid 19 booster injections as long as she would not be required to personally administer the injections or booster doses to a resident.

18. Brookwood sought no further information about Mrs. Lawhead's religious beliefs, ethical beliefs, or her reasonable accommodation request.

19. On or about October 7, 2021, Mrs. Lawhead became aware that legally required informed consent had not been properly obtained from residents prior to them receiving their initial series of COVD 19 injections.

20. On or about October 7, 2021, Mrs. Lawhead verbally reported her concerns to Brookwood that the she believed that legally required informed consent had not been properly obtained from residents prior to them receiving their initial series of Covid 19 injections. She also reported her concerns that informed consent would not be properly obtained for the booster dose injections.

21. Brookwood, did not respond to her report of potential legal violations concerning informed consent.

22. On October 7, 2021, Brookwood terminated Mrs. Lawhead's employment effective immediately.

23. Mrs. Lawhead filed a discrimination charge with the Equal Employment Opportunity Center (EEOC) and received a Notice of Right to Sue based on EEOC Charge Number 532-2022-00296 dated March 11, 2022. (Exhibit A).

## Count I – Religious Discrimination In Violation Of Title VII

24. Mrs. Lawhead restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

25. Title VII requires employers to provide reasonable accommodations to employees who request exemptions from workplace policies on the basis of sincerely held religious beliefs.

26. Mrs. Lawhead informed Brookwood that her deeply held religious beliefs prevented her from personally injecting residents with Covid 19 boosters.

27. Mrs. Lawhead suggested a reasonable accommodation for her deeply held religious beliefs that would cause no undue burden to Brookwood.

28. Brookwood's October 7, 2021 termination of Mrs. Lawhead's employment due to her religious beliefs and/or its refusal to provide a reasonable accommodation for those beliefs violates Title VII.

### COUNT II – VIOLATION OF OHIO'S WHISTLEBLOWER PROTECTION

29. Informed consent is a long-standing duty that health care providers owe their patients.

30. Informed consent includes the duty to inform patients of their options and rights before providing any procedures, remedies or treatments, and the patient has the right to be fully informed of the known and reasonably possible risks

31. Ohio Revised Code § 2317.54 codifies health care providers' legal duty to obtain written informed consent from patients prior to a surgical or medical procedure or course of procedures.

32. Mrs. Lawhead reasonably believed that some or all of the residents had not given proper and required informed consent to receive the Covid 19 vaccinations and reported this to Brookwood on or about October 7, 2021.

33. Brookwood terminated Mrs. Lawhead's employment within hours of her reporting her concerns about the possible lack of informed consent being obtained from residents prior to receiving Covid 19 vaccinations and/or boosters.

34. Brookwood's retaliatory termination of Mrs. Lawhead's employment for reporting a possible violation of Ohio's informed consent laws violated Ohio Revised Code § 4113.52.

### COUNT III – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

35. Mrs. Lawhead restates and incorporates herein by reference the preceding paragraphs of her Complaint as if fully set forth herein word for word.

36. The public policy of the United States of America and the state of Ohio clearly prohibits religious discrimination and/or retaliation against an employee for reporting possible violations of state or federal laws.

37. The termination of Mrs. Lawhead's employment violates the clear public policy of the United States of America and the state of Ohio, as expressed by and through the Constitutions, statutes, regulations, ordinances, and common law of the United States and the state of Ohio, respectively.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against the Defendant for all just and proper relief including:

(A) Plaintiffs seek a jury trial on all issues so triable;

(B) Plaintiffs seek compensatory damages including lost wages, past and future lost income, physical pain, emotional distress, humiliation. As to lost wages, Plaintiff seeks an order awarding Plaintiff back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights and other violations described above;

(C) Plaintiff seeks, if applicable, reinstatement or alternatively front pay, fringe benefits, and other compensation; and

(D) Plaintiff seeks the costs of this action, including reasonable attorney's fees, and

such other legal and equitable relief as this Court deems just and proper, including pre-judgment interest and punitive damages; and

(E) Plaintiffs seek preliminary and permanent injunctive relief and declaratory Relief.

(s) Thomas Renz
_____
Thomas Renz, Esq. (0098645)
Renz Law, LLC
1907 W. State St. #162
Fremont, OH 43420
(419) 351-4248
renzlawllc@gmail.com
Attorneys for Plaintiffs