UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY LAWHEAD, | ) | CASE NO: 5:22-cv-00886-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| BROOKWOOD MANAGEMENT CO., LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Brookwood Management Company, LLC's motion to dismiss the complaint. Upon review, the motion is GRANTED. The complaint is thereby DISMISSED.

I.     **MOTION TO DISMISS**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. c. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

The Court need accept only the complaint's well-pleaded factual allegations as true. *Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018). "[L]egal conclusion[s] couched as factual allegation[s]," on the other hand, "need not be accepted as true." (citing *Twombly*, 550 U.S. at 555). After legal conclusions are disregarded, the complaint must set forth facts that "raise a right to relief above the speculative level." *Id.*

II.     FACTS

On March 23, 2020, Plaintiff Kathy Lawhead ("Lawhead") began working for Brookwood, doing business as Danbury ("Brookwood") in the role of Regional Director of Clinical Services. She was terminated on October 7, 2021. Doc. 1, p. 4. Brookwood

operated senior living facilities and although Lawhead was a registered nurse, her position at Brookwood was in administration. Doc. 1, p. 2., During the COVID-19 pandemic, which began in the United States in March of 2020, Brookwood residents had the opportunity to receive a COVID-19 vaccination. Doc. 1, p. 1. Because Lawhead was not employed in a nursing capacity, she was not required to administer COVID-19 vaccinations to Brookwood residents. Rather, Lawhead was tasked with coordinating the vaccination program. *Id.*

Sometime during late September or early October of 2021, Brookwood prepared to provide COVID-19 vaccine booster doses to Brookwood residents that were considered "fully vaccinated." Doc. 1, p. 3. Along with coordinating the program, Brookwood informed Lawhead that she would also be required to administer vaccines. *Id*. Lawhead informed Brookwood that administering the vaccine to residents would violate her deeply held religious beliefs and the oath she took upon becoming a nurse, commonly known as the Nightingale Pledge[1]. *Id.* Lawhead indicated that she would assist with the coordination of a clinic for the administration of the COVID-19 booster injections, but she would not personally administer vaccinations. *Id*. Brookwood did not respond to Lawhead's concerns, nor did it ask for any further information about her religious beliefs. *Id.*

On October 7, 2021, Lawhead alleges that she became aware that legally required informed consent had not been properly obtained from Brookwood residents prior to them receiving the initial series of COVID-19 vaccinations. *Id*. That same day, Lawhead verbally reported these concerns to Brookwood and added that she was concerned that informed consent would not be properly obtained for the booster dose injections either. Doc. 1, p. 4.

---

[1] Lawhead does not provide the content of the Nightingale Pledge.

3

Brookwood did not respond to these allegations and terminated Lawhead's employment, effective immediately. *Id*. Lawhead filed a discrimination charge with the Equal Employment Opportunity Center (EEOC) and received a Notice of Right to Sue based on EEOC Charge Number 532-2022-00296 dated March 11, 2022. *Id*.

III. ANALYSIS

### a. Title VII Religious Discrimination or Failure to Accommodate

Defendant moves for dismissal of Count I, asserting that Plaintiff has not met the pleading requirements for a claim of under Title VII for religious discrimination or failure to accommodate.

To survive a motion to dismiss a Title VII claim, Plaintiff need only plead non-conclusory allegations establishing "(1) membership in the protected class, (2) specific adverse employment taken against [her], and (3) instances in which [she] was treated less favorably than others not in the protected class." *Warner v. Amazon.com Services LLC*, No. 1:21-CV-1885, 2022 WL 2342658 at *6 (N.D. Ohio June 29, 2022) (citing *Lee v. Vanderbilt Univ.*, No. 3:20-CV-00924, 2022 WL 1094654, at *11 (M.D. Tenn. Apr. 12, 2022; *James v. Hampton*, 592 F. App'x 449, 461 (6th Cir. 2015)).

Here, Defendant argues that dismissal is appropriate because Plaintiff has failed to assert any factual allegations from which the Court could reasonably infer that she is a member of a protected class. Doc. 9, p. 8. Defendant asserts that such a conclusory statement does not satisfy the pleading standards. Plaintiff contends that asserting that she has a "deeply held religious belief that conflicts with Defendant's employment requirement that she administer COVID-19 booster injections" is enough to fulfill the pleading requirements. Doc. 11, p. 9. Plaintiff asserts that Defendant's argument would result in a

4

heightened pleading standard, requiring her to establish her prima facie case of discrimination at the pleading stage. Doc. 11, p. 7-8. The Court notes the distinction between asserting facts at the pleading stage versus establishing facts at the summary judgment stage.

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' 'Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). However, '[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 555, 570. A plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

At issue here is whether Plaintiff alleged sufficient facts to allow the Court to reasonably infer that she is a member of a protected class, as required to survive a motion to dismiss. See, *Warner v. Amazon.com Services LLC*, No. 1:21-CV-1885, 2022 WL 2342658 at *6 (N.D. Ohio June 29, 2022). The Sixth Circuit dismissed a religious discrimination claim arising under Title VII because the plaintiff did "not allege[] any particulars about her religion that would even allow an inference that she was discriminated against on account of her religion." *Pedreira v. Kentucky Baptist Homes for Child., Inc.*, 579 F.3d 722, 728 (6th Cir. 2009), see also, *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) Case: 5:22-cv-00886-JRA Doc #: 9 Filed: 07/29/22 7 of 13. PageID #: 30 8 AK3:1360827_v2 (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir.2012); ("To show that the termination was based on her religion, [the plaintiff] must show that it

5

was the religious aspect of her [conduct] that motivated her employer's actions.")(emphasis in original); *Egelkrout v. Aspirus, Inc.*, No. 22- CV-118-BBC, 2022 WL 2833961, at *3 (W.D. Wis. July 20, 2022) ("[P]laintiff makes no claim that the testing requirement conflicted with her genuinely held religious beliefs. Instead, plaintiff opposed the testing for personal and medical reasons.) Thus, Plaintiff must do something more than simply assert a conclusory statement that she was terminated based on her religious beliefs.

> Here, Plaintiff asserts that
>
> 15. On October 7, 2021, Mrs. Lawhead informed Brookwood that her deeply held religious beliefs would be violated if she personally administered the Covid 19 booster injections to Brookwood's residents.
>
> 16. On October 7, 2021, Mrs. Lawhead also informed Brookwood that about her concerns that the long-term efficacy and safety of the Covid 19 booster injections were unknown, at best, and administering them would violate the oath she took upon becoming a nurse, commonly known as the Nightingale Pledge.
>
> 17. On October 7, 2021, Mrs. Lawhead suggested that a reasonable accommodation for her religious beliefs would be for her assist with the coordination and/or management of a 'clinic' for the administration of Covid 19 booster injections as long as she would not be required to personally administer the injections or booster doses to a resident.
>
> 18. Brookwood sought no further information about Mrs. Lawhead's religious beliefs, ethical beliefs, or her reasonable accommodation request.

Doc. 1, p. 3. Plaintiff does not set forth any facts to explain her sincerely held religious belief against administering the vaccinations. Instead, from these facts, it appears that Plaintiff's objections to administering the vaccinations are based upon her concerns about the long-term efficacy and safety of the injections, and that administering the vaccines would violate the Nightingale Pledge.

6

Courts have "differentiated between those whose views were religious in nature and those whose views were 'essentially political, sociological, or philosophical,' stating, 'no court should inquire into the validity or plausibility of the beliefs; instead, the task of a court is "to decide whether the beliefs professed by a registrant are sincerely held and whether they are in [the believer's] own scheme of things, religious."'" *Fallon v. Mercy Catholic Med. Ctr.*, 877 F.3d 487, 490-91 (3d Cir. 2017) See also, *Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51 (2d Cir. 1988) (upholding as not clearly erroneous a district court finding that certain parents' opposition to vaccination was "based, not on religious grounds, but on scientific and secular theories"); *Hanzel v. Arter*, 625 F. Supp. 1259, 1260, 1265 (S.D. Ohio 1985) (describing a professed belief in "chiropractic ethics"—"a body of thought which teaches that injection of foreign substances into the body is of no benefit and can only be harmful"—as philosophical rather than religious); *McCartney v. Austin*, 31 A.D.2d 370, 298 N.Y.S.2d 26, 27 (N.Y. App. Div. 1969) ("[A]ppellants' opposition [to vaccination]—whether or not predicated upon their personal moral scruples or upon medical concern—is not upon religious grounds . . ..").

Plaintiff does not assert any information that would allow this Court to infer that she is a member of a protected class; ie, that a sincerely held religious belief restrains her from administering the Covid-19 booster. Rather, her concerns sound in medical and political concerns. For these reasons, Plaintiff has not met the pleading requirements for her Title VII religious discrimination claim, and therefore this claim is dismissed.

### b. Ohio's Whistleblower Statute

Defendant moved to dismiss Count II of Plaintiff's complaint concerning the whistleblower claim brought under R.C. § 4113.52. Doc. 9, p. 9. Plaintiff does not oppose

7

dismissal. Doc. 11, p. 12. Defendant asserts that Plaintiff's Whistleblower claims are barred by the statute limitations because she filed her complaint beyond the 180-day limitation provided by R.C. § 4113.52(D). This Court agrees, and therefore this claim is dismissed.

### c. Wrongful Discharge in Violation of Public Policy

Defendant moves for dismissal of Count III, asserting that Plaintiff has not met the pleading requirements for a claim of wrongful discharge in violation of public policy. For Plaintiff to succeed on such a claim, she must establish four elements:

> (1) That a clear public policy existed and was manifested either in a state or federal constitution, statute or administrative regulation or in the common law (the "clarity" element); (2) that dismissing employees under the circumstances like those involved in Plaintiff's dismissal would jeopardize the public policy (the "jeopardy" element); (3) that Plaintiff's dismissal was motivated by conduct related to the public policy (the "causation" element); and (4) that the employer lacked an overriding legitimate business justification for the dismissal (the "overriding-justification element).

*Avery v. Joint Twp. Dist. Mem'l Hosp*, 504 F. Supp. 2d 248, 254 (N.D. Ohio 2007), aff'd, 286 F. App'x 256 (6th Cir. 2008). The Sixth Circuit has concluded that an action for wrongful discharge in violation of public policy is not established where "the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach." *Carrasco v. NOAMTC Inc.*, 124 F. App'x 297, 304 (6th Cir. 2004); see also, *Grair v. Ohio Bell Tel. Co.*, No. 1:09-CV-01516, 2009 WL 2762359 at *2 (N.D. Ohio Aug. 28, 2009) (stating "Ohio law rejects the belt-and-suspenders approach: If existing law already provides remedies sufficient to vindicate the public policy at issue, a plaintiff may not maintain a common-law wrongful discharge claim.")

Here, Title VII has the potential to provide remedy for Plaintiff's wrongful discharge claim, and therefore Plaintiff cannot also derive remedy from a common law claim of wrongful discharge in violation of public policy. For these reasons, this Court

8

finds that the claim of wrongful discharge in violation of public policy should be dismissed.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss for failure to state a claim upon which relief is GRANTED and Plaintiff's complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

March 29, 2023                                         /s/ *Judge John R. Adams*
Date                                                   JUDGE JOHN R. ADAMS
                                                          UNITED STATES DISTRICT COURT